## SNEAD & CO. IRON WORKS v. BEHN.

(Court of Appeals of District of Columbia. Submitted March 11, 1925. Decided April 6, 1925.)

No. 1729.

1. Witnesses ⏀142—Brother of inventor, to whom disclosure was made, and who was president of corporation, assignee of application not incompetent to testify thereto by death of inventor.

Brother of inventor, to whom disclosure was made, and who was president of corporation to which application was assigned, *held* not rendered incompetent to testify to fact of disclosure by death of inventor.

2. Patents ⏀91(3)—Evidence held sufficient to show conception and disclosure at date entitling inventor to priority.

Unimpeached testimony by brother of deceased, to whom disclosure had been made, *held* sufficient to show conception and disclosure at date prior to any showing of diligence by adverse party in interference proceeding.

Appeal from Commissioner of Patents.

Interference proceeding between the Snead & Co. Iron Works, assignee of Harry P. Macdonald, deceased, and Walter J. Behn. From a decision awarding priority to Behn, the Iron Works appeals. Reversed, and priority awarded to appellant's assignor.

H. L. Lechner, of Philadelphia, Pa., for appellant.

G. P. Dike, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding, awarding priority to the junior party, Behn; the Examiner of Interferences and the Board having awarded priority to the senior party, appellant here.

The invention is simple, relates to a flexible disk adapted for use as a universal joint, and consists of a spirally wound cord imbedded in vulcanized rubber. It can be made at small cost, so that reduction to practice was a simple matter. Claim 1, here reproduced, is sufficiently illustrative:

"1. The disk for a flexible universal joint which includes a layer composed of substantial peripheral concentric cords imbedded in frictioning material."

Behn alleged conception, disclosure, and drawings in October of 1916, and reduction to practice in October of 1920. His filing date was February 16, 1920. Macdonald alleged conception and disclosure in July of 1919, with drawings on October 1st and reduction to practice on November 20th of that year. He filed January 19, 1920.

The Macdonald application was assigned to the appellant corporation, whose President is Angus S. Macdonald, a brother of the inventor, Harry P., who died prior to the taking of the testimony herein. Angus Macdonald testified that in the spring of 1919 his company experienced difficulty with the rubber company, from which appellant then was obtaining disks of a different type and construction from the disk of the issue. In addition to this, early in June of that year, the appellant company was threatened with a suit for infringement, in connection with the disks then in use, and a letter conveying this intimation or threat was introduced in evidence, together with letters to and from the rubber company at about this time. An-

gus stated that this situation caused his brother Harry to evolve the invention in issue. He was able to fix the date by reference to a letter written the rubber company under date of September 27, 1919, requesting a conference for the satisfactory settlement of their differences. This letter also was introduced in evidence. The witness was positive that the disclosure to him by his brother preceded the writing of this letter. He described in detail what then was disclosed to him, and the Examiner of Interferences thus characterizes the testimony: "This description, it is clear, fully comprehends the issue."

On this point the Examiners in Chief find: "He [Angus Macdonald] states that the invention was disclosed verbally and by means of sketches, which latter he has been unable to find, but the subject-matter disclosed to him is very clearly set forth in his answers to questions 7 to 20, inclusive, and clearly satisfied the limitations of the issue."

On November 26, 1919, failing to reach a satisfactory understanding with the rubber company, a letter, also in evidence, was written by Angus Macdonald to a Mr. Whipple, an expert in rubber manufacture. This letter contained the following statement: "We want to get some expert advice of a confidential nature regarding an article of rubber fabric that we may require to have made in considerable quantity."

All the tribunals of the Patent Office agree that on December 12, 1919, a blueprint was prepared that resulted in the filing of the application of Macdonald. The Examiner of Interferences, conceiving that there was a lack of corroborative evidence of a documentary character, restricted appellant to December 12th as the date of conception and disclosure, but awarded priority to Macdonald because of the finding that Behn then was lacking in diligence. The Board fixed appellant's date of conception and disclosure as prior to September 27, 1919, and, finding Behn lacking in diligence at that time, affirmed the decision of the Examiner of Interferences. The Assistant Commissioner, while declining to offer "even a suggestion that the testimony of Angus Macdonald is untrue, either intentionally or unintentionally," ruled that this witness was incompetent to testify as to conception and disclosure, saying: "If the inventor had testified, of course, the testimony of his brother would have been corroboration. The question here is, if an inventor is dead, and there is no documentary corroboration of invention at a date, is the single, bare, uncorroborated testimony of the brother of the

inventor, who is also an officer of the corporation to which the invention is assigned, sufficient to carry back the date of invention to the date testified to by the brother?"

[1] In other words, the Assistant Commissioner ruled that a competent witness was rendered incompetent by the death of the inventor. We know of no such rule, and no supporting authority is cited. The reason for the requirement regarding corroboration as to conception and disclosure is not far to seek. A would-be inventor may have a definite conception of the result he wishes to achieve, but a vague and nebulous idea of the means to the desired end. When he discovers that another has given definite form to his nebulous idea of means, the mists of uncertainty immediately are dissipated, and he easily persuades himself that the means disclosed by his adversary were the very means he had in mind. But where, as here, a party not only has disclosed the result to be achieved, but has definitely and fully disclosed the means for accomplishing that result, the only question for determination is whether the testimony of the witness to whom he made the disclosure meets the usual test as to credibility. In this case, Mr. Angus Macdonald is a witness of much more than average intelligence, a man of affairs, and, so far as this record discloses, of unimpeachable character. Speaking of his testimony, the Board said: "The testimony stands unimpeached, in any particular, and there is nothing in any way to cast suspicion or doubt upon it truthfulness. We are therefore convinced that disclosure of the invention at least prior to September 27, 1919, the date on which the letter demanding a conference for the settlement of differences with the Thermoid Company was written, is reasonably established."

[2] The invention, as already noted, is simple, and, to a man of the intelligence and experience of Angus Macdonald, easily understood. The testimony of this witness is consistent with the surrounding circumstances, and so direct and positive that it must be either discredited and rejected, or accepted in toto. But, as we have stated, the witness stands unimpeached and his integrity unchallenged. It results that appellant is entitled to a date prior to September 27, 1919, for conception and disclosure. Since none of the tribunals of the Patent Office has found that Behn was diligent at that time, it is unnecessary to review the evidence on this point.

The decision is reversed, and priority awarded to Harry P. Macdonald.

Reversed.